UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **HEATHER THOMAS** | ) | CASE NO: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | Complaint |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| **UNITED PARCEL SERVICE, INC.,** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## INTRODUCTION

1. This is an action for damages and equitable relief to redress unlawful employment practices perpetrated by Defendant United Parcel Service, Inc. ("UPS") against Plaintiff Heather Thomas. Plaintiff alleges sex discrimination, retaliation, hostile work environment, and violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., in violation of federal law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended, and the Family and Medical Leave Act.
3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within this district, and Defendant conducts business in this district.

## PARTIES

4. Plaintiff Heather Thomas is a 54-year-old Caucasian female who was employed by Defendant as a part-time package center supervisor for approximately eight years.
5. Defendant United Parcel Service, Inc. ("UPS") is a corporation engaged in interstate commerce and is an employer within the meaning of Title VII and the FMLA.

## CONDITIONS PRECEDENT

6. Plaintiff has complied with all conditions precedent including timely filing this lawsuit within 90 days of receiving the Right to Sue from the EEOC.

## FACTUAL ALLEGATIONS

7. Plaintiff began her employment with Defendant as a part-time preload supervisor and consistently performed her job duties to the best of her ability.
8. In or around August 2023, Plaintiff was sexually harassed by a truck driver, Loyd Patel, who pushed his genitalia in her face on multiple occasions in the office. Plaintiff reported this conduct, which assured her that the behavior would cease. However, the harassment continued.
9. In September 2023, Plaintiff reported the harassment by Patel to her supervisor, Lori Murphy. Following this report, Plaintiff was subjected to retaliation, including being excluded from workplace communications, left alone in the office, and subjected to a hostile work environment. Management directed other supervisors, including Lauren Zalewski, not to share job-related information with Plaintiff.
10. In or around September 2023, Plaintiff also reported being sexually harassed by another employee, Josh Tackett, a preload supervisor. Murphy failed to take any action to address this complaint.
11. In November 2023, Plaintiff filed a complaint with UPS's ethics hotline regarding her treatment. In response, Murphy verbally accosted and harassed Plaintiff, further escalating the hostile work environment.
12. In December 2023, Plaintiff continued to experience bullying and harassment, including being subjected to retaliatory actions such as withholding information, refusing to work with her, and blowing the air conditioning on her. Despite assurances from Human Resources that the behavior would stop, it persisted.
13. On or about January 2024, Plaintiff filed another complaint regarding retaliation and sex discrimination. This complaint was met with further retaliation, including being ostracized by colleagues and management.
14. On March 11, 2024, Plaintiff was forced to take FMLA leave due to the ongoing retaliation, sex discrimination, and hostile work environment.
15. On April 3, 2024, Plaintiff was terminated from her employment with UPS in direct retaliation for her complaints of sex discrimination and harassment.
16. Defendant's employee handbook includes express promises and policies protecting employees from bullying, harassment, and retaliation. These policies were intended to create a safe and respectful workplace and were relied upon by Plaintiff as part of her employment relationship with Defendant.
17. Defendant failed to enforce its anti-bullying and anti-harassment policies, allowing pervasive harassment and retaliation against Plaintiff to continue unchecked.
18. Defendant's failure to uphold the promises in its employee handbook constitutes a breach of the contractual obligations it owed to Plaintiff.
19. Defendant's actions in failing to enforce its policies were accompanied by fraudulent acts, including false assurances to Plaintiff that her complaints would be addressed, while allowing the harassment and retaliation to persist.

## CAUSES OF ACTION

**COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII**

20. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
21. Defendant discriminated against Plaintiff on the basis of her sex by subjecting her to sexual harassment, failing to take appropriate remedial action, and creating a work environment that was hostile and offensive.
22. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.
23. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic and non-economic damages.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII

24. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
25. Plaintiff engaged in protected activity by reporting sexual harassment and filing complaints with her employer and the ethics hotline.
26. Defendant retaliated against Plaintiff for engaging in protected activity by subjecting her to adverse employment actions, including exclusion from workplace communications, bullying, harassment, and ultimately termination.
27. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.
28. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic and non-economic damages.

## COUNT III: HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

29. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
30. Defendant subjected Plaintiff to a hostile work environment based on her sex, including pervasive harassment, bullying, and ostracism, which unreasonably interfered with her work performance and created an intimidating, hostile, and offensive work environment.
31. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.
32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic and non-economic damages.

## COUNT IV: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA)

33. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
34. Plaintiff was an eligible employee under the FMLA, and Defendant was a covered employer under the FMLA.

35. Plaintiff was entitled to take FMLA leave due to the serious health conditions caused by the ongoing retaliation, sex discrimination, and hostile work environment she experienced.
36. Plaintiff exercised her rights under the FMLA by taking leave on or about March 11, 2024.
37. Defendant interfered with Plaintiff's FMLA rights by retaliating against her for taking FMLA leave and terminating her employment on or about March 30, 2024, in violation of 29 U.S.C. § 2615(a)(1) and (a)(2).
38. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.
39. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including lost wages, benefits, emotional distress, and other economic and non-economic damages.

**COUNT V: BREACH OF CONTRACT**

40. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
41. Defendant's employee handbook constituted a binding contract between Plaintiff and Defendant, as it included specific promises and policies designed to protect employees from bullying, harassment, and retaliation.
42. Plaintiff relied on the promises in the employee handbook as part of her employment relationship with Defendant.
43. Defendant breached its contractual obligations by failing to enforce its anti-bullying and anti-harassment policies, allowing Plaintiff to be subjected to ongoing harassment, retaliation, and a hostile work environment.
44. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic and non-economic damages.

**COUNT VI: BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT**

45. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
46. Defendant's employee handbook constituted a binding contract between Plaintiff and Defendant, as it included specific promises and policies designed to protect employees from bullying, harassment, and retaliation.
47. Defendant breached its contractual obligations by failing to enforce its anti-bullying and anti-harassment policies, allowing Plaintiff to be subjected to ongoing harassment, retaliation, and a hostile work environment.
48. Defendant's breach of contract was accompanied by fraudulent acts, including but not limited to:

    a. Providing false assurances to Plaintiff that her complaints of harassment and retaliation would be addressed;
    b. Misrepresenting its commitment to enforcing its anti-bullying and anti-harassment

policies; and

c. Intentionally allowing the harassment and retaliation to persist despite Plaintiff's repeated complaints.

49. Defendant's fraudulent acts were willful, intentional, and designed to mislead Plaintiff into believing that her complaints would be addressed, causing her to continue working in a hostile and unsafe environment.
50. As a direct and proximate result of Defendant's breach of contract accompanied by a fraudulent act, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic and non-economic damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

a. Compensatory damages for emotional distress, pain, and suffering;
b. Back pay, front pay, and other economic damages;
c. Liquidated damages as allowed under the FMLA;
d. Punitive damages as allowed by law;
e. Attorneys' fees and costs;
f. Pre- and post-judgment interest; and
g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

By: s/Aaron Wallace_____
Aaron Wallace, Esq (100255)
Wallace Law Firm
1416 Laurel Street, STE B
Columbia, SC 29201
PH: 803-766-3997
Fax: 839-218-5786
awallace@wallacefirmsc.com

December 11, 2024